# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHRISTINA SENECAL and JAMES SENECAL, Plaintiffs, | ) ) ) ) ) |
| v. | ) Civil Action No. 1:15-cv-11578 |
| PORTFOLIO RECOVERY ASSOCIATES, LLC Defendant, | ) ) ) ) ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## I.  INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiffs Christina Senecal and James Senecal, individual consumers, against Defendant's violations of the law, including, but not limited to violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; by this Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiffs.

## II.  JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1331 and 1337.

3.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.  Since Defendant transacts business and resides here, personal jurisdiction is established.

### III.    PARTIES

4.  Plaintiff, Christina Senecal (hereinafter "Plaintiff") is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in Worcester County, in the state of Massachusetts.

5.  Plaintiff, James Senecal (hereinafter "Plaintiff") is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in Worcester County, in the state of Massachusetts.

6.  Defendant, Portfolio Recovery Associates, LLC (hereinafter "Defendant") is a collection agency and foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in Norfolk City County, in the state of Virginia.

7.  Plaintiffs are informed and believe, and thereon allege, that Defendant uses instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts.  Defendant is engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

8. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.   FACTUAL ALLEGATIONS

9. Sometime before April 12, 2015, both Plaintiffs allegedly incurred a financial obligation that was primarily for personal, family, or household purposes and are therefore 'debts', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

10. Upon information and belief, at some point the alleged debts were consigned, placed or otherwise transferred to Defendant for collection from Plaintiffs.

11. The debts that Defendant is attempting to collect on are alleged obligations of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

12. Defendant then, within one year prior to the filing of this complaint, began contacting Plaintiffs, prior to April 5, 2015; seeking and demanding payment for alleged consumer debts owed under an account number.

13.  Defendant then within one year prior to the filing of this complaint, continued to call both Plaintiffs, after having already been told on multiple occasions by and through Plaintiffs not to call Plaintiffs; knowing these continued calls would annoy and/or harass Plaintiffs.  Defendant's continued improper and unwanted calls were made without the express consent of Plaintiffs and without the calls being for emergency purposes.  These calls and statements by Defendant were "communications", as defined by 15 U.S.C. § 1692a(2), and Defendant's conduct was in violation of the FDCPA, including but not limited to 15 U.S.C. §§1692c(a)(1); §1692d, and §1692f.

### V.     CAUSES OF ACTION

### CLAIM FOR RELIEF
### AND SUPPORTING FACTUAL ALLEGATIONS

14. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, with respect to Plaintiff.

16. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

17. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## VI.     PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Christina Senecal and James Senecal respectfully request that judgment be entered against Defendant for the following:

A. Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations; in amounts to be determined at trial and for each respective Plaintiff.

B. Statutory damages of $1000.00 for each respective Plaintiff from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Costs and reasonable attorney fees from Defendant and for each respective Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

D. Punitive damages from Defendant for each respective Plaintiff.

E. For such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated:  April 5, 2015 | RESPECTFULLY SUBMITTED,<br>By: /s/ Kevin Crick<br>Kevin Crick, Esq.<br>BBO:  680950<br>Rights Protection Law Group, PLLC<br>8 Faneuil Hall Marketplace, Third Floor<br>Boston, Massachusetts 02109<br>Phone: (978) 420-4068<br>Fax: (857) 488-4062<br>k.crick@rightsprotect.com<br>**Attorney for Plaintiffs** |

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiffs Christina Senecal and James Senecal demand trial by jury in this action on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.